# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 14, 2001 Session

## TRAVIS MILTON WATT v. LUMBERMENS MUTUAL CASUALTY INSURANCE CO., ET AL.

**Appeal from the Chancery Court for Madison County**
**No. 53638     Joe C. Morris, Chancellor**

---

**No. W2000-00104-SC-R3-CV - Filed December 20, 2001**

---

JANICE M. HOLDER, J., concurring and dissenting.

I concur in the majority's holding that Watt is entitled to receive permanent and total disability benefits. I write separately, however, to express my disagreement with the allocation of liability between the employer and the Second Injury Fund, consistent with my concurring and dissenting opinion in Bomely v. Mid-America Corp., 970 S.W.2d 929 (Tenn. 1998).

The clear purpose of the Second Injury Fund is to encourage employers to hire handicapped workers. Bomely, 970 S.W.2d at 937 (Holder, J., concurring and dissenting) (citing E.I. du Pont de Nemours & Co. v. Friar, 218 Tenn. 554, 560, 404 S.W.2d 518, 521 (1966)). This result is achieved by limiting an employer's liability for a subsequent injury causing permanent and total disability to such compensation as would have been payable for the subsequent injury without consideration of any previous injury. Tenn. Code Ann. § 50-6-208(a)(1). The remainder of any compensation due for the subsequent injury is then paid out of the Second Injury Fund. Id.

In this case, Lumbermens should be held responsible solely for the benefits it would have paid to Watt for the loss of his leg. Lumbermens' liability would then be limited to 200 weeks of compensation. The outcome of the majority's allocation of liability for benefits is to expose the employer and its insurance company to greater liability than is contemplated under the Second Injury Fund legislation. I reiterate my position in Bomely that the majority's analysis will deter employers from hiring handicapped workers. Because this result is contrary to the legislature's intent in creating the Second Injury Fund, I must respectfully dissent to that section of the majority opinion allocating fifty percent of the liability for Watt's permanent and total disability benefits to Lumbermens.

JANICE M. HOLDER, JUSTICE